IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID W. WATTS,

                      Plaintiff,

    v.

C.O. CHARLIE BERGREN, *et al.,*

                    Defendants.

OPINION and ORDER

24-cv-805-wmc

---

Plaintiff David W. Watts, a state prisoner representing himself, is proceeding on Eighth Amendment claims against the defendant staffers at Columbia Correctional Institution (CCI) for allegedly revealing to other inmates that he had filed a Prison Rape Elimination Act complaint and allowing him to share a room in the health services unit with an inmate who had previously sexually assaulted him.  This order addresses plaintiff's pending motions, including:  (1) to stay all deadlines, provide a status update, and appoint counsel, Dkt. 53 & Dkt. 55; (2) to stay discovery, Dkt. 56; (3) to sanction defense counsel for failing to meet and confer on outstanding discovery issues, Dkt. 57 & Dkt. 59; (4) to order defense counsel to meet and confer in person rather than via telephone, Dkt. 58; and (5) to reschedule a deposition noticed for April 22, 2026, Dkt. 73.

ANALYSIS

**A.  Request to stay proceedings and for a status update.  Dkt. 53 & 55**

Plaintiff states that he "has absolutely <u>no</u> idea" about the status of this case after spending about two-and-a-half months on mental health observation at his previous institution without access to his legal materials or an opportunity to do legal work.  Dkt. 53 at 2 (emphasis

in original).  When his property was returned to plaintiff after he transferred to CCI, plaintiff states that most of his legal materials were missing and that it will take "months to recover it." *Id.* at 3.

Defendants filed a motion for partial summary judgment on exhaustion grounds on December 10, 2025.  Dkt. 41.  Plaintiff did not file a response by his January 30, 2026, deadline, and did not otherwise communicate with the court again until March 13, 2026, when he updated his address to CCI.  Dkt. 52.  Taking plaintiff at his word, he has had at best inconsistent access to his legal materials, some of which have been lost.  The court will, as a one-time courtesy, mail plaintiff defendants' motion for partial summary judgment and supporting materials along with a copy of the docket sheet.  Dkts. 41–44.  Because the court's ruling on defendants' summary judgment motion will shape the scope of this case going forward, the court will strike the July 6, 2026 dispositive motions deadline to allow plaintiff to focus on completing the task at hand—briefing his response to defendants' exhaustion motion.

Plaintiff's response is due by May 5, 2026, with defendants' reply due May 19, 2026. The parties should not expect any further extensions absent extraordinarily good cause.  The court will reset the dispositive motions deadlines in its order on the motion for partial summary judgment on exhaustion grounds.

**B.  Motion for appointment of counsel, Dkt. 53**

Plaintiff also seeks appointment of counsel because he is legally deaf and suffers from severe ongoing mental health issues requiring his imminent transfer to the Wisconsin Resource Center, a correctional health facility that provides mental health and behavioral treatment for male inmates.  Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil

matters.  Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to recruit counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).  First, he must show that he is unable to afford counsel.  He has met this standard because he has qualified for indigent status and is proceeding in forma pauperis.  Dkt. 6.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own.  *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Plaintiff states that he has included letters from attorneys declining to represent him with other requests for counsel, but he has not previously filed such a motion in this case.  The court can deny his request for counsel on this ground alone.

Third, plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it.  *Mote*, 503 F.3d at 654–55.  The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year.  This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Plaintiff doesn't meet this requirement because he has not shown that this case is one of the relatively few in which it is necessary to recruit counsel.  Federal civil litigation is

generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. As a general matter, if plaintiff needs more time to complete a litigation task due to medical or mental health treatment, he may request an extension from the court for good cause.

More importantly, the presiding judge, Judge Conley, denied plaintiff's motion for appointment of counsel alleging the same needs filed in his other open case in this court. *See* Dkt. 69 in Case No. 24-cv-504-wmc. Judge Conley explained that while plaintiff's hearing exam note (also filed in this case) confirmed moderately severe to profound sensorineural hearing loss, the note also indicated that plaintiff showed "excellent word recognition." Dkt. 53-1. At a March 30, 2026 video evidentiary hearing, Judge Conley observed that plaintiff appeared to be "well oriented to the time, place and manner of the hearing," could adequately hear, understand and respond to questions and make arguments intelligibly, and "was fully able to represent himself." Dkt. 73 in Case No. 24-cv-504-wmc.

Based on Judge Conley's findings, and on plaintiff's filings to date in this case, the court cannot conclude that plaintiff is unable to complete the legal task before him. Plaintiff's request for counsel will be denied without prejudice. This means that plaintiff may renew his motion later in this case if there are specific legal tasks he is unable to complete without legal representation and he has tried to find an attorney on his own without success.

## C. Plaintiff's discovery motions, Dkts. 56–58 & Dkt. 60

Plaintiff seeks relief with respect to discovery, which closes on December 31, 2026. First, plaintiff asks the court to order defense counsel to stop serving him with discovery requests until counsel complies with my March 30, 2025 order that the parties meet and confer before engaging in discovery. During the preliminary pretrial conference on that date, I noted

that defense counsel had inadvertently served discovery requests on plaintiff prematurely and ordered the parties "to meet and confer on their discovery needs" before defendants re-served their discovery requests.  Dkt. 33.  I also ordered defense counsel to tailor any medical records request "to focus on topics and timeframes relevant to this case."  *Id.*  I gather from plaintiff's motion that he is asserting defense counsel resumed discovery without meeting and conferring first, and there is a dispute brewing about the scope of defendants' medical records request, among other discovery issues.

It appears that defense counsel belatedly set up a telephone call to meet and confer on March 30, 2026 in response to plaintiff's motion.  Dkt. 58 at 1.  Plaintiff seeks an order requiring the parties to meet and confer in person because of his hearing loss and as sanction for failing to meet and confer before now.  The court has received no update from plaintiff on whether the call took place on March 30, and whether he could successfully participate, but as noted above, plaintiff was able to successfully participate in a video evidentiary hearing that same day.  If plaintiff continues to have difficulty using the telephone, the parties may meet and confer over videoconference as necessary.  Because other suitable options are available to meet and confer, the court will not order the parties to meet in person.

But the court will offer some relief by imposing a stay.  Because the court's ruling on defendants' motion for partial summary judgment on exhaustion grounds may impact the scope of plaintiff's claims, and because plaintiff has not asserted that he needs any additional discovery to respond to defendants' exhaustion motion, the court will stay discovery pending its ruling on defendants' motion.  This means the plaintiff does not need to respond to any discovery requests until the court lifts the stay.  At that point, the court will order the parties

to meet and confer via videoconference, if necessary, within two weeks of the order lifting the stay and before serving or re-serving any discovery requests.

Second, plaintiff requests to reschedule his deposition noticed for April 22, 2026 because he has an evidentiary hearing scheduled for that day in another case pending in the Eastern District of Wisconsin.[1]  Plaintiff asserts that defendants "knew this before and when scheduling" the deposition, but does not explain how they would have known.  From the record, it does not appear that plaintiff raised this scheduling conflict with defense counsel before filing his motion.  Regardless, the court anticipates defense counsel would make an accommodation for plaintiff under such circumstances, so communicating with defense counsel very likely would resolve this issue without the need to involve the court.  *See* Dkt. 35 (instructing that the parties must try to work out disputes before seeking the court's help and noting that without this information, the court will summarily deny a discovery motion).  The motion is denied on this basis.  It is also moot in light of the discovery stay.  The deposition may be rescheduled once discovery resumes.  Going forward, the parties are reminded to timely communicate with each other in good faith regarding discovery issues.

For now, plaintiff's only legal task in this case is to respond to defendants' motion for partial summary judgment on exhaustion grounds by May 5, 2026.

---

[1] Plaintiff also requests certain items to help "stop the voices" he hears. Dkt. 60 at 1.  Because plaintiff is a "high priority" transfer to the Wisconsin Resource Center for intensive mental health treatment, Dkt. 55-1 at 1, the court finds no basis at this time to inquire or intervene in the treatment decisions of his institution's medical staff.  Plaintiff is encouraged to take advantage of the treatment and resources available to him at his current institution and at the resource center.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to stay proceedings and for a status update, Dkt. 53 & 55, are GRANTED in part as described in this order. The dispositive motions deadline is STRUCK and the court will mail plaintiff a copy of defendants' motion for partial summary judgment on exhaustion grounds and supporting materials as well as a docket sheet. Dkts. 41–44.

2. Plaintiff's deadline to respond to defendants' motion for partial summary judgment, Dkt. 41, is due no later than May 5, 2026. Any reply is due by May 19, 2026, 2026. No further extensions will be granted absent extraordinarily good cause.

3. Plaintiff's discovery motions, Dkts. 56–58 & Dkt. 60, are GRANTED in part insofar as discovery is STAYED pending the court's ruling on defendants' motion for partial summary judgment on exhaustion grounds.

4. Plaintiff's motion for appointment of counsel, Dkt. 53, is DENIED without prejudice.

5. The court will reset the dispositive motions deadline and lift the discovery stay in its order on defendants' motion for partial summary judgment. When discovery resumes, the parties are ORDERED to meet and confer regarding outstanding discovery within two weeks of the court's summary judgment order and before they may serve additional discovery requests. The parties may meet and confer via videoconference if necessary.

Entered April 7, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

7